# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2003

Report Required by the Ethics in Government Act of 1978. (5 U.S.C. App. §§101-111)

| 1. Person Reporting (Last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| WOOD, KIMBA M. | U.S. District Court, SDNY | 5/15/04 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| U.S. District Judge (active) | ___ Nomination, Date _____  ___ Initial  _X_ Annual  ___ Final | 1/1/03 - 12/31/03 |

| 7. Chambers or Office Address | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. |
|---|---|
| 500 Pearl Street  New York, N.Y. 10007 | Reviewing Officer _____ Date _____ |

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of Instructions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| ☐ NONE (No reportable positions.) | |
| 1 Member | Visiting Committee for Harvard Law School |
| 2 Board Member | The Institute of Judicial Administration New York University School of Law |
| 3 Board Member | New York City Ballet, Inc. |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of Instructions.)*

| DATE | PARTIES AND TERMS |
|---|---|
| X NONE (No reportable agreements.) | |
| 1 | |
| 2 | |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse: see pp. 17-24 of Instructions.)*

| DATE | SOURCE AND TYPE | GROSS INCOME |
|---|---|---|

### A. Filer's Non-Investment Income

| DATE | SOURCE AND TYPE | GROSS INCOME |
|---|---|---|
| X NONE (No reportable non-investment income.) | | |
| 1 | | $ |
| 2 | | $ |
| 3 | | $ |

### B. Spouse's Non-Investment Income - If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

| DATE | SOURCE AND TYPE | |
|---|---|---|
| ☐ NONE (No reportable non-investment income.) | | |
| 1  2003 | Sonic Corporation - Board of Directors Fees | |
| 2  2003 | Vestar Capital - Consulting Fees | |

RECEIVED 2004 JUN -7 A 11:03 FINANCIAL DISCLOSURE OFFICE

## IV. REIMBURSEMENTS – transportation, lodging, food, entertainment.

*(Includes those to spouse and dependent children. See pp. 25-27 of Instructions.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| [X] 1 | NONE (No such reportable reimbursements.) | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of Instructions.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| [X] 1 | NONE (No such reportable gifts.) | | $ |
| 2 | | | $ |
| 3 | | | $ |
| 4 | | | $ |

## VI. LIABILITIES. *(Includes those of spouse and dependent children  See pp. 32-33 of Instructions.)*

| | CREDITOR | DESCRIPTION | VALUE CODE* |
|---|---|---|---|
| | NONE (No reportable liabilities.) | | |
| 1 | Goldman, Sachs | Margin Account | P3 |
| 2 | Deutsche Bank, Alex Brown | Margin Account | K |
| 3 | Citibank | Line of Credit for Investments | P1 |
| 4 | Citibank | Line of Credit for Investments | P2 |
| 5 | Citibank | Unsecured Note | P1 |
| 6 | American Express | Credit card | K |
| 7 | Cranfill II Associates | Note Payable | J |

*Value Codes: J=$15,000 or less  K=$15,001-$50,000  L=$50,001-$100,000  M=$100,001-$250,000
N=$250,001-$500,000  O=$500,001-$1,000,000  P1=$1,000,001-$5,000,000
P2=$5,000,001-$25,000,000  P3=25,000,001-50,000,000  P4=50,000,001 or more

# FINANCIAL DISCLOSURE REPORT

| Name of Person Reporting | Date of Report |
|---|---|
| KIMBA M. WOOD | 5/15/04 |

## VII. Page 1 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-57 of Instructions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure. | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amt. Code1 (A-H) | (2) Type (e.g., div., rent or int.) | (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | (1) Type (e.g., buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| ☐ NONE (No reportable income, | | | | | | | | | |
| see attached | | | | | | | | | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001- $100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001- $100,000 P1=$1,000,000-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market | |

| A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 1 EXXON CORP COMMON STOCK | A | DIVIDEND | K | T | | | | | |
| 2 CREST FUND LP ( IRA) ( SEE NOTE 1 IN SECTION VIII) | | NONE | O | T | | | | | |
| 3 NYS PRIN M-CATS ZERO COUPON BOND ( SEE NOTE 2 IN SECTION VIII) | B | OID | | | MATURED | 11/17 | K | | |
| 4 NYC CPN PRAM ZERO COUPON BOND ( SEE NOTE 2 IN SECTION VIII) | B | OID | K | T | | | | | |
| 5 NYS DA REV CAP ST UNIV-B ZERO COUPON BOND ( SEE NOTE 2 IN SECTION VIII) | B | OID | K | T | | | | | |
| 6 ADOBE SYSTEMS INC COMMON STOCK | A | DIVIDEND | J | T | | | | | |
| 7 PARCEL OF LAND - SEQUIM, WA ( FKA PARCEL 16) | | NONE | M | V | SEE NOTE 3 IN SECTION VIII | | | | |
| 8 NEW YORK URB DEV CORP ZERO COUPON BOND ( SEE NOTE 2 IN SECTION VIII) | A | OID | J | T | | | | | |
| 9 CHARLES SCHWAB CASH/MM ACCOUNT | A | DIVIDEND | J | T | | | | | |
| 10 GOLDMAN, SACHS CASH/MM ACCOUNT #1 | A | DIVIDEND | K | T | | | | | |
| 11 GOLDMAN, SACHS CASH/MM ACCOUNT #2 | A | DIVIDEND | K | T | | | | | |
| 12 AUTOMATIC DATA PROCESSING INC | A | DIVIDEND | K | T | PURCHASE | 6/4 | J | | |
| 13 BANK OF AMERICA | A | DIVIDEND | J | T | PURCHASE | 6/4 | J | | |
| 14 FANNIE MAE | | NONE | | | PURCHASE | 6/4 | K | | |

| A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 15 | | | | | SOLD | 6/17 | K | | |
| 16 HOME DEPOT | A | DIVIDEND | K | T | PURCHASE | 3/31 | K | | |
| 17 JOHNSON & JOHNSON COMMON STOCK | A | DIVIDEND | K | T | | | | | |
| 18 STRYKER CORP COMMON STOCK | A | DIVIDEND | K | T | | | | | |
| 19 SYSCO CORP | A | DIVIDEND | K | T | PURCHASE | 3/27 | K | | |
| 20 WAL MART STORES INC | A | DIVIDEND | K | T | PURCHASE | 6/4 | K | | |
| 21 MERRILL LYNCH CMA ACCOUNT #1 | A | DIVIDEND | K | T | | | | | |
| 22 MERRILL LYNCH CMA ACCOUNT #2 | A | INTEREST | J | T | | | | | |
| 23 ALLIANCE CAPITAL RESERVE CASH/MM ACCOUNT | A | DIVIDEND | K | T | | | | | |
| 24 AMERICAN MUTUAL FUND | A | DIV/DISTR | K | T | SEE NOTE 4 IN SECTION VIII | | | | |
| 25 CAPITAL INCOME BUILDER FUND ( MUTUAL FUND) | | NONE | J | T | PURCHASE | 12/18 | K | | |
| 26 FUNDAMENTAL INVESTORS INC ( MUTUAL FUND) | A | DIVIDEND | K | T | SEE NOTE 4 IN SECTION VIII | | | | |
| 27 GROWTH FUND OF AMERICA ( MUTUAL FUND) | A | DIVIDEND | K | T | SEE NOTE 4 IN SECTION VIII | | | | |
| 28 INVESTMENT COMPANY OF AMERICA ( MUTUAL FUND) | A | DIV/DISTR | K | T | SEE NOTE 4 IN SECTION VIII | | | | |

| | A. | B. | | C. | | D. | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | INCOME DURING REPORTING PERIOD | | GROSS VALUE AT END OF REPORTING PERIOD | | TRANSACTIONS DURING REPORTING PERIOD | | | | |
| | DESCRIPTION OF ASSETS | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 29 | WASHINGTON MUTUAL INVESTORS FUND ( MUTUAL FUND)    ( SEE NOTE 4 IN SECTION VIII) | A | DIV/DISTR | K | T | PURCHASE | 12/18 | K | | |
| 30 | U.S. GOVERNMENT SECURITIES FUND ( MUTUAL FUND) | A | DIVIDEND | K | T | SEE NOTE 4 IN SECTION VIII | | | | |
| | COMMON STOCKS/MUTUAL FNDS  ( LINES 31-74)  : | | | | | | | | | |
| 31 | ABBOTT LABORATORIES | G | DIVIDEND | P2 | T | PARTIAL SALE | 2/12 | O | G | |
| 32 | | | | | | PARTIAL SALE | 7/29 | P1 | G | |
| 33 | ALBERTSONS INC ( SEE NOTE 8 IN SECTION VIII) | C | DIVIDEND | | | DONATED SHARES TO FOUNDATION ( SEE LINE 97 BELOW) | 5/13 | M | G | |
| 34 | ANHEUSER BUSCH CO | F | DIVIDEND | P1 | T | | | | | |
| 35 | AUTOMATIC DATA PROCESSING | D | DIVIDEND | O | T | PURCHASE | 6/4 | N | | |
| 36 | BEAR STEARNS COMPANIES | B | DIVIDEND | | | PURCHASE | 6/4 | M | | |
| 37 | | | | | | SOLD | 11/20 | M | | |
| 38 | BERKSHIRE HATHAWAY | | NONE | P1 | T | | | | | |
| 39 | CITIGROUP | A | DIVIDEND | K | T | | | | | |
| 40 | COCA COLA | C | DIVIDEND | N | T | PURCHASE | 6/4 | L | | |
| 41 | CROWN CORK AND SEAL CO | | NONE | M | T | | | | | |
| 42 | FANNIE MAE | A | DIVIDEND | | | SOLD | 6/17 | K | D | |
| 43 | GENERAL ELECTRIC CO | A | DIVIDEND | K | T | | | | | |

| A. | B. | | C. | | D. | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION OF ASSETS | INCOME DURING REPORTING PERIOD | | GROSS VALUE AT END OF REPORTING PERIOD | | TRANSACTIONS DURING REPORTING PERIOD | | | | |
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 44 HOME DEPOT INC | D | DIVIDEND | P1 | T | PURCHASE | 12/11 | N | | |
| 45 INSIGHT COMMUNICATIONS | | NONE | N | T | PARTIAL SALE | 12/18 | M | G | |
| 46 JETBLUE AIRWAYS | | NONE | M | T | PURCHASE | 11/4 | O | | |
| 47 | | | | | PURCHASE | 12/8 | M | | |
| 48 | | | | | PARTIAL SALE | 12/30 | N | | |
| 49 JOHNSON & JOHNSON | F | DIVIDEND | P1 | T | | | | | |
| 50 KIMBERLY CLARK CORP ( SEE NOTE 8 IN SECTION VIII) | F | DIVIDEND | | | PARTIAL SALE | 2/12 | O | G | |
| 51 | | | | | PARTIAL SALE | 5/20 | P1 | H1 | |
| 52 | | | | | DONATED SHARES TO FOUNDATION ( SEE LINE 108 BELOW) | 5/20 | O | G | |
| 53 | | | | | SOLD | 5/21 | N | G | |
| 54 MBNA CORP | E | DIVIDEND | P1 | T | PARTIAL SALE | 2/12 | O | G | |
| 55 | | | | | PURCHASE | 3/4 | M | | |
| 56 | | | | | PARTIAL SALE | 3/4 | P1 | G | |
| 57 MEDCOHEALTH SOLUTIONS, INC. | | NONE | K | T | SPIN OFF FROM MERCK ( SEE LINE 60 BELOW) | 8/20 | K | | |
| 58 MEDTRONIC INC | B | DIVIDEND | N | T | PURCHASE | 7/29 | M | | |

| DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 59 MERCK & CO. INC. | E | DIV/CIL | N | T | PARTIAL SALE | 6/4 | N | G | |
| 60 | | | | | SPIN OFF MEDCOHEALTH (SEE LINE 57 ABOVE) | 8/20 | K | | |
| 61 MORGAN STANLEY/ DEAN WITTER | B | DIVIDEND | M | T | | | | | |
| 62 NORTH FORK BANCORP | C | DIVIDEND | | | SOLD | 3/12 | N | | |
| 63 OLSTEIN FINANCIAL ALERT FUND (MUTUAL FUND) | | NONE | M | T | | | | | |
| 64 ALTRIA GROUP - IRA ACCOUNT (FKA PHILIP MORRIS) | C | DIVIDEND | L | T | | | | | |
| 65 REGENERON PHARMACEUTICAL INC | | NONE | M | T | PURCHASE | 6/4 | M | | |
| 66 SONIC CORP | | NONE | P3 | T | | | | | |
| 67 STRYKER CORP | A | DIVIDEND | N | T | PURCHASE | 7/29 | M | | |
| 68 UNITED TECH CORP | D | DIVIDEND | O | T | PURCHASE | 6/4 | N | | |
| 69 | | | | | PURCHASE | 7/29 | N | | |
| 70 WABTEC CORP | C | DIVIDEND | P1 | T | PARTIAL SALE | 9/25 | M | G | |
| 71 | | | | | PARTIAL SALE | 9/29 | M | G | |
| 72 | | | | | PARTIAL SALE | 10/16 | M | G | |
| 73 | | | | | PARTIAL SALE | 12/3 | N | G | |
| 74 WAL MART STORES | E | DIVIDEND | P2 | T | PARTIAL SALE | 2/12 | N | G | |

| A. | B. | | C. | | D. | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | INCOME DURING REPORTING PERIOD | | GROSS VALUE AT END OF REPORTING PERIOD | | TRANSACTIONS DURING REPORTING PERIOD | | | | |
| DESCRIPTION OF ASSETS | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| CORPORATE BONDS ( LINES 75-78) : | | | | | | | | | |
| 75   FORD MOTOR CO BOND | F | INTEREST | P2 | T | | | | | |
| 76   GENERAL ELECTRIC BOND | G | INTEREST | P2 | T | | | | | |
| 77   GMAC BONDS | F | INTEREST | P2 | T | | | | | |
| 78   ITT FINANCIAL CORP BOND | E | INTEREST | P1 | T | | | | | |
| CASH/INVESTMENT/MONEY MARKET ACCOUNTS ( LINES 79-95) : | | | | | | | | | |
| 79   WP STEWART CASH ACCOUNT | A | INTEREST | | | CLOSED | 3/27 | J | | |
| 80   DEUTSCHE BANC ALEX BROWN CASH/MM ACCOUNT | | | | | SEE NOTE 5 IN SECTION VIII | | | | |
| 81   BEAR STEARNS - IRA CASH | A | INTEREST | J | T | | | | | |
| 82   GOLDMAN SACHS CASH/MM - FOUNDATION | A | DIVIDEND | O | T | | | | | |
| 83   CITIBANK CHECKING ACCOUNT - FOUNDATION | | NONE | J | T | | | | | |
| 84   CITIBANK INTEREST CHECKING A/C | A | INTEREST | J | T | | | | | |
| 85   MORGAN STANLEY CASH/MM ACCOUNT | B | DIVIDEND | N | T | | | | | |
| 86   MORGAN STANLEY AAA ACCOUNT | A | DIVIDEND | J | T | SEE NOTE 33 IN SECTION VIII | | | | |
| 87   CITIBANK CHECKING ACCOUNT | | NONE | K | T | | | | | |
| 88   CITIBANK ASSET ACCOUNT | | NONE | J | T | | | | | |
| 89   CITIBANK CASH RESERVE ACCOUNT | E | INTEREST | P1 | T | | | | | |

| A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 90  CITIBANK ATM ACCOUNT | | NONE | J | T | | | | | |
| 91  BANK OF NEW YORK | | | | | SEE NOTE 34 IN SECTION VIII | | | | |
| 92  SALOMON SMITH BARNEY MM ACCOUNT | | | | | SEE NOTE 6 IN SECTION VIII | | | | |
| 93  STEPHENS INC CASH/MM ACCOUNT | | | | | SEE NOTE 6 IN SECTION VIII | | | | |
| 94  BEAR, STEARNS ACCOUNT #1 ( SEE NOTE 7 IN SECTION VIII) | | NONE | J | T | | | | | |
| 95  BEAR, STEARNS ACCOUNT #2 | | | | | SEE NOTE 6 IN SECTION VIII | | | | |
| FOUNDATION COMMON STOCKS ( LINES 96-112) : | | | | | | | | | |
| 96  ABBOTT LABORATORIES | D | DIVIDEND | | | SOLD | 7/29 | O | G | |
| 97  ALBERTSONS INC ( SEE NOTE 8 IN SECTION VIII) | | NONE | | | RECEIVED SHARES AS DONATION ( SEE LINE 33 ABOVE) | 5/13 | M | | |
| 98 | | | | | SOLD | 5/13 | M | | |
| 99  ALTRIA GROUP INC | D | DIVIDEND | M | T | PURCHASE | 6/4 | M | | |
| 100  ANHEUSER BUSCH COS INC | B | DIVIDEND | M | T | | | | | |
| 101  BANK OF AMERICA | C | DIVIDEND | M | T | PURCHASE | 6/4 | M | | |
| 102  BEAR STEARNS COMPANIES | A | DIVIDEND | | | PURCHASE | 6/4 | M | | |
| 103 | | | | | SOLD | 11/20 | L | | |
| 104  DYERSBURG CORP | | NONE | J | T | | | | | |

| A. | B. | | C. | | D. | | | | |
| DESCRIPTION OF ASSETS | INCOME DURING REPORTING PERIOD | | GROSS VALUE AT END OF REPORTING PERIOD | | TRANSACTIONS DURING REPORTING PERIOD | | | | |
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
|---|---|---|---|---|---|---|---|---|---|
| 105 FANNIE MAE | | NONE | | | PURCHASE | 6/4 | M | | |
| 106 | | | | | SOLD | 6/17 | M | | |
| 107 GENERAL ELECTRIC CO | B | DIVIDEND | M | T | PURCHASE | 6/4 | M | | |
| 108 KIMBERLY CLARK CORP ( SEE NOTE 8 IN SECTION VIII) | C | DIVIDEND | | | RECEIVED SHARES AS DONATION ( SEE LINE 52 ABOVE) | 5/20 | O | | |
| 109 | | | | | PARTIAL SALE | 5/21 | O | | |
| 110 | | | | | SOLD | 6/4 | N | | |
| 111 UNITED TECHNOLOGIES CORP | B | DIVIDEND | M | T | PURCHASE | 6/4 | M | | |
| 112 | | | | | PURCHASE | 7/29 | L | | |
| INVESTMENTS IN NON-PUBLIC COMPANIES ( LINES 113-200) ( SEE NOTES 9, 10 & 11 IN SECTION VIII) | | | | | | | | | |
| 113 ARIZONA SNOWBOWL ( SEE NOTE 1 IN SECTION VIII) | D | DIVIDEND/ K-1 DISTR | N | W | RETURN OF CAPITAL | 4/11 | K | | |
| 114 | | | | | DISTRIBUTION | 4/11 | K | | |
| 115 ENTERTAINMENT ACQUISITION ( SEE NOTES 1 & 37 IN SECTION VIII) | B | K-1 DISTR | | | | | | | |
| 116 CARTOON CUTS ( SEE NOTE 1 IN SECTION VIII) | A | K-1 DISTR | M | W | | | | | |
| 117 ROCHE SPORTS LLC ( SEE NOTE 1 IN SECTION VIII) | | NONE | K | W | | | | | |
| 118 EVALUATION ASSOCIATES ( SEE NOTE 1 IN SECTION VIII) | G | K-1 DISTR | O | W | DISTRIBUTION | 1/10 | J | | |

| A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 119 | | | | | DISTRIBUTION | 4/7 | K | | |
| 120 | | | | | DISTRIBUTION | 6/13 | K | | |
| 121 | | | | | DISTRIBUTION | 8/13 | K | | |
| 122 | | | | | DISTRIBUTION | 9/9 | K | | |
| 123 MOORINGS/VIKING ( SEE NOTE 12 IN SECTION VIII) | | NONE | | | RECEIVED SALE/ ESCROW FUNDS | 6/25 | M | G | |
| 124 | | | | | RECEIVED SALE/ ESCROW FUNDS | 10/2 | L | F | |
| 125 NEW RIVER/BEAVERTOWN ( SEE NOTE 13 IN SECTION VIII) | C | INTEREST | | | | | | | |
| 126 TAMPA BAY DEVIL RAYS ( SEE NOTES 1 & 31 IN SECTION VIII) | | NONE | N | W | | | | | |
| 127 FRESH DIRECT | | NONE | O | W | ADDITIONAL INVESTMENT | 5/5 | M | | |
| 128 OFFIT HALL ( SEE NOTE 14 IN SECTION VIII) | | NONE | N | W | | | | | |
| 129 BEAR STEARNS MERCHANT BANK II ( SEE NOTE 14 IN SECTION VIII) | | NONE | N | W | ADDITIONAL INVESTMENT | 5/15 | J | | |
| 130 | | | | | RETURN OF OVERFUNDING | 5/15 | J | | |
| 131 | | | | | ADDITIONAL INVESTMENT | 8/12 | L | | |
| 132 | | | | | ADDITIONAL INVESTMENT | 11/12 | M | | |
| 133 VITAMIN SHOPPE | | | | | SEE NOTE 15 IN SECTION VIII | | | | |

| | A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (1) AMT CODE (A-H) | (2) TYPE | (1) VALUE CODE (J-P) | (2) VALUE METHOD (Q-W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J-P) | (4) GAIN CODE (A-H) | (5) IDENTITY (IF PRIVATE) |
| 134 | BIRDS EYE FOODS ( FKA AGRILINK) ( SEE NOTE 32 IN SECTION VIII) | | NONE | P1 | W | | | | | |
| 135 | ADVANCED ORGANICS ( SEE NOTE 32 IN SECTION VIII) | | NONE | M | W | | | | | |
| 136 | CABOT SAFETY CORP ( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |
| 137 | MCHUGH SOFTWARE ( SEE NOTE 32 IN SECTION VIII) | | NONE | M | W | | | | | |
| 138 | REMINGTON PRODUCTS ( SEE NOTE 32 IN SECTION VIII) | | NONE | | | SOLD | 10/23 | O | G | RAYOVAC CORP |
| 139 | | | | | | ADDITIONAL PROCEEDS | 12/23 | M | G | |
| 140 | PINNACLE AUTOMATION | | NONE | | | SEE NOTE 16 IN SECTION VIII | 5/15 | L | F | |
| 141 | VESTAR CAPITAL PARTNERS ( I) ( SEE NOTES 17 & 18 IN SECTION VIII) | | NONE | J | W | | | | | |
| 142 | VESTAR EQUITY PARTNERS ( II) ( SEE NOTE 17 IN SECTION VIII) | B | K-1 DISTR | J | W | | | | | |
| 143 | VESTAR CAPITAL PARTNERS ( III) ( X) ( SEE NOTES 17 & 31 IN SECTION VIII) | | NONE | L | W | GENERAL PARTNER GIVE-BACK ( SEE NOTE 19 IN SECTION VIII) | 12/23 | L | | |
| 144 | | | | | | LIMITED PARTNER RECEIPT ( SEE NOTE 19 IN SECTION VIII) | 12/23 | M | G | |
| 145 | VESTAR CAPITAL ( IV) ( SEE NOTES 17 & 31 IN SECTION VIII) | E | INTEREST/ K-1 DISTR | L | W | | | | | |

| | | | | |
|---|---|---|---|---|
| **A.** | **B.** | **C.** | **D.** | |
| DESCRIPTION OF ASSETS | INCOME DURING REPORTING PERIOD | GROSS VALUE AT END OF REPORTING PERIOD | TRANSACTIONS DURING REPORTING PERIOD | |

| DESCRIPTION OF ASSETS | (1) AMT CODE (A-H) | (2) TYPE | (1) VALUE CODE (J-P) | (2) VALUE METHOD (Q-W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J-P) | (4) GAIN CODE (A-H) | (5) IDENTITY (IF PRIVATE) |
|---|---|---|---|---|---|---|---|---|---|
| 146 WABTEC (FKA WESTINGHOUSE AIRBRAKE) (SEE NOTE 32 IN SECTION VIII) | | NONE | | | SOLD | 11/21 | N | D | SECONDARY OFFERING |
| 147 | | | | | ADDITIONAL PROCEEDS | 11/26 | M | G | |
| 148 CLUETT AMERICAN (SEE NOTE 32 IN SECTION VIII) | | NONE | M | W | | | | | |
| 149 CONSOLIDATED CONTAINER (SEE NOTE 32 IN SECTION VIII) | C | INTEREST | P1 | W | ADDITIONAL INVESTMENT | 1/23 | M | | |
| 150 | | | | | RETURN OF OVERFUNDING | 6/30 | J | | |
| 151 INTERNET VENTURE WORKS (SEE NOTE 20 IN SECTION VIII) | | NONE | | | LIQUIDATION DISTRIBUTION | 9/9 | J | | |
| 152 SHERIDAN HEALTHCARE (SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |
| 153 SIEGEL AND GALE (SEE NOTE 32 IN SECTION VIII) | | NONE | | | WRITTEN OFF AS WORTHLESS | 12/31 | | | |
| 154 ST JOHNS KNITS (SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |
| 155 TRANSMONTAIGNE (SEE NOTE 32 IN SECTION VIII) | E | DIVIDEND | L | W | RETURN OF CAPITAL | 7/31 | L | | |
| 156 VALOR COMMUNICATIONS (SEE NOTE 32 IN SECTION VIII) | | NONE | P1 | W | | | | | |
| 157 ESSENT HEALTHCARE (SEE NOTE 32 IN SECTION VIII) | | NONE | N | W | INITIAL INVESTMENT | 12/22 | N | | |
| 158 GLEASON CORP | | NONE | N | W | | | | | |

| A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| ( SEE NOTE 32 IN SECTION VIII) | | | | | | | | | |
| 159 MCG CREDIT CORP ( SEE NOTE 32 IN SECTION VIII) | F | DIVIDEND | N | W | | | | | |
| 160 MICHAEL FOODS ( SEE NOTE 32 IN SECTION VIII) | | NONE | | | SOLD | 12/22 | P1 | H1 | T H LEE |
| 161 MONTPELIER ( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | PARTIAL SALE | 9/9 | M | F | SECONDARY OFFERING |
| 162 SAB WABCO ( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | RETURN OF OVERFUNDING | 1/8 | K | | |
| 163 | | | | | RETURN OF OVERFUNDING | 6/30 | J | | |
| 164 FL SELENIA ( SEE NOTE 32 IN SECTION VIII) | | NONE | P1 | W | INITIAL INVESTMENT | 9/22 | P1 | | |
| 165 | | | | | RETURN OF OVERFUNDING | 12/31 | J | | |
| 166 SUNRISE MEDICAL ( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |
| 167 ZANUSSI METALLURGICA ( SEE NOTE 32 IN SECTION VIII) | | NONE | M | W | RETURN OF OVERFUNDING | 6/30 | J | | |
| 168 NEWSPAPER MEDIA/ENTERPRISE NEWSMEDIA ( SEE NOTES 1 & 21 IN SECTION VIII) | E | INTEREST | P3 | W | DISTRIBUTION | 4/17 | M | | |
| 169 | | | | | DISTRIBUTION | 4/21 | M | | |
| 170 | | | | | PARTIAL NOTE REPAYMENT | 5/22 | P1 | | |
| 171 | | | | | NOTE REPAYMENT | 6/2 | M | | |

| A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 172 | | | | | PURCHASED ADDITIONAL SHARES | 9/10 | K | | |
| 173 | | | | | ADDITIONAL LOAN | 12/22 | N | | |
| 174 FLAG VENTURE PARTNERS ( SEE NOTE 14 IN SECTION VIII) | A | INTEREST | P1 | W | ADDITIONAL INVESTMENT | 2/26 | M | | |
| 175 | | | | | DISTRIBUTION | 3/21 | J | | |
| 176 | | | | | DISTRIBUTION | 6/27 | K | | |
| 177 | | | | | ADDITIONAL INVESTMENT | 6/30 | M | | |
| 178 | | | | | ADDITIONAL INVESTMENT | 11/3 | M | | |
| 179 | | | | | DISTRIBUTION | 12/16 | K | | |
| 180 SENTINEL PARTNERS LP ( SEE NOTE 17 IN SECTION VIII) | G | K-1 DISTR | | | | | | | |
| 181 SENTINEL PARTNERS II ( SEE NOTE 17 IN SECTION VIII) | A | K-1 DISTR | | | | | | | |
| 182 SENTINEL CAPITAL PARTNERS ( SEE NOTE 17 IN SECTION VIII) | G | K-1 DISTR | | | | | | | |
| 183 SENTINEL CAPITAL PARTNERS II ( SEE NOTE 17 IN SECTION VIII) | F | K-1 DISTR | | | | | | | |
| 184 FALCON ( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |
| 185 ALEMITE HOLDINGS ( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |

| | A.<br>DESCRIPTION OF ASSETS | B.<br>INCOME DURING<br>REPORTING PERIOD | | C.<br>GROSS VALUE AT<br>END OF REPORTING<br>PERIOD | | D.<br>TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (1)<br>AMT CODE<br>(A - H) | (2)<br>TYPE | (1)<br>VALUE<br>CODE<br>(J - P) | (2)<br>VALUE<br>METHOD<br>(Q - W) | (1)<br>TYPE | (2)<br>DATE | (3)<br>VALUE<br>CODE<br>(J - P) | (4)<br>GAIN<br>CODE<br>(A - H) | (5)<br>IDENTITY<br>(IF<br>PRIVATE) |
| 186 | FLORAL PLANT GROWERS<br>( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |
| 187 | HASCO<br>( SEE NOTE 32 IN SECTION VIII) | | NONE | P1 | W | | | | | |
| 188 | NORSUN FOOD GROUP<br>( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |
| 189 | COTTMAN TRANSMISSION<br>( SEE NOTE 32 IN SECTION VIII) | C | DIVIDEND | P1 | W | RETURN OF CAPITAL | 1/7 | J | | |
| 190 | ROMACORP<br>( SEE NOTE 32 IN SECTION VIII) | | NONE | P1 | W | | | | | |
| 191 | BUFFETS INC<br>( SEE NOTE 32 IN SECTION VIII) | | NONE | O | W | | | | | |
| 192 | FORT HILL CAPITAL PARTNERS<br>( SEE NOTE 22 IN SECTION VIII) | | NONE | J | W | | | | | |
| 193 | EVERGREEN SLATE HOLDINGS<br>( SEE NOTE 1 IN SECTION VIII) | | NONE | N | W | | | | | |
| 194 | SCIENS VENTURE PARTNERS<br>( SEE NOTE 14 IN SECTION VIII) | G | K-1 DISTR | O | W | ADDITIONAL INVESTMENT | 6/27 | K | | |
| 195 | | | | | | DISTRIBUTION | 9/16 | N | | |
| 196 | SCIENS CAPITAL PARTNERS<br>( SEE NOTE 14 IN SECTION VIII) | | NONE | P1 | W | | | | | |
| 197 | PARK AVENUE PARTNERS | | NONE | O | W | ADDITIONAL INVESTMENT | 2/13 | K | | |

| | A.<br>DESCRIPTION OF ASSETS | B.<br>INCOME DURING<br>REPORTING PERIOD | | C.<br>GROSS VALUE AT<br>END OF REPORTING<br>PERIOD | | D.<br>TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (1)<br>AMT CODE<br>(A - H) | (2)<br>TYPE | (1)<br>VALUE<br>CODE<br>(J - P) | (2)<br>VALUE<br>METHOD<br>(Q - W) | (1)<br>TYPE | (2)<br>DATE | (3)<br>VALUE<br>CODE<br>(J - P) | (4)<br>GAIN<br>CODE<br>(A - H) | (5)<br>IDENTITY<br>(IF<br>PRIVATE) |
| | ( SEE NOTE 14 IN SECTION VIII) | | | | | | | | | |
| 198 | SYSTECH RETAIL SYSTEMS | | | | | SEE NOTE 15 IN SECTION VIII | | | | |
| 199 | WR HAMBRECHT & CO | | | | | SEE NOTE 15 IN SECTION VIII | | | | |
| 200 | PREMIER HEALTH EXCHANGE | | | | | SEE NOTE 15 IN SECTION VIII | | | | |
| | OTHER INVESTMENTS: | | | | | | | | | |
| 201 | CHESAPEAKE PARTNERS<br>( SEE NOTE 1 IN SECTION VIII) | H-1 | K-1 DISTR | P2 | U | PARTIAL REDEMPTION | 1/2 | N | | |
| 202 | CHEROKEE CREEK CORP<br>( SEE NOTES 1 & 24 IN SECTION VIII) | | NONE | | | ADDITIONAL INVESTMENT | 3/18 | J | | |
| 203 | | | | | | ADDITIONAL INVESTMENT | 5/16 | J | | |
| 204 | | | | | | ADDITIONAL INVESTMENT | 8/1 | J | | |
| 205 | | | | | | DISTRIBUTED INTEREST<br>( SEE LINE 207 BELOW) | 12/31 | K | | |
| 206 | | | | | | CORPORATION DISSOLVED | 12/31 | J | | |
| 207 | BLUE AND GRAY PARTNERSHIP<br>( SEE NOTE 36 IN SECTION VIII) | | NONE | K | V | RECEIVED DISTRIBUTED INTEREST<br>( SEE LINE 205 ABOVE) | 12/31 | K | | |
| 208 | F.E. RICHARDSON & CO<br>( SEE NOTES 1 & 25 IN SECTION VIII) | | NONE | K | V | ADDITIONAL INVESTMENT | 1/15 | K | | |
| 209 | | | | | | ADDITIONAL INVESTMENT | 1/23 | K | | |
| 210 | | | | | | ADDITIONAL INVESTMENT | 2/21 | K | | |
| 211 | | | | | | ADDITIONAL INVESTMENT | 3/18 | K | | |

| A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A-H) | (2) TYPE | (1) VALUE CODE (J-P) | (2) VALUE METHOD (Q-W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J-P) | (4) GAIN CODE (A-H) | (5) IDENTITY (IF PRIVATE) |
| 212 | | | | | ADDITIONAL INVESTMENT | 8/1 | K | | |
| 213 | | | | | ADDITIONAL INVESTMENT | 10/30 | K | | |
| 214 | | | | | ADDITIONAL INVESTMENT | 12/5 | K | | |
| 215 RACE HORSES | | NONE | L | W | | | | | |
| 216 VINEYARD PARTNERS ( SEE NOTES 1 & 23 IN SECTION VIII) | | NONE | M | U | PARTIAL REDEMPTION | 4/4 | P1 | H1 | |
| 217 | | | | | PARTIAL REDEMPTION | 4/23 | N | G | |
| 218 MODERNFOLD/GATEWAY | | | | | SEE NOTE 26 IN SECTION VIII | | | | |
| 219 OP40 INC | | NONE | L | W | SEE NOTE 9 IN SECTION VIII | | | | |
| 220 URBAN COWBOY ( SEE NOTES 1 & 9 IN SECTION VIII) | | NONE | K | W | UNSECURED LOAN | 4/3 | K | | |
| 221 OMNIA FUND | | NONE | N | U | INITIAL INVESTMENT | 9/26 | N | | |
| 222 | | | | | REFUND OF OVER INVESTMENT | 10/10 | J | | |
| 223 OSCAR S SCHAFER PARTNERS II ( SEE NOTE 35 IN SECTION VIII) | | NONE | O | V | INITIAL INVESTMENT | 12/29 | O | | |
| 224 VANTIS PARTNERS II ( SEE NOTE 35 IN SECTION VIII) | | NONE | O | V | INITIAL INVESTMENT | 12/29 | O | | |
| PROFIT SHARING PLAN FUNDS: | | | | | | | | | |
| 225 --- GOLDMAN SACHS CORE U.S.E. | | NONE | L | T | | | | | |

| | A. | B. | | C. | | D. | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | INCOME DURING REPORTING PERIOD | | GROSS VALUE AT END OF REPORTING PERIOD | | TRANSACTIONS DURING REPORTING PERIOD | | | | |
| | DESCRIPTION OF ASSETS | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 226 | --- AIM BALANCED | | NONE | L | T | | | | | |
| 227 | GOLDMAN, SACHS CASH ACCOUNT/MM | A | DIVIDEND | K | T | | | | | |
| 228 | ENTERPRISE NEWSMEDIA, INC. ( SEE NOTES 1 & 27 IN SECTION VIII) | | NONE | M | V | | | | | |
| 229 | ABBOTT LABORATORIES COMMON STOCK | A | DIVIDEND | K | T | PARTIAL SALE | 7/29 | K | D | |
| 230 | AUTOMATIC DATA PROCESSING INC | A | DIVIDEND | L | T | PURCHASE | 6/4 | L | | |
| 231 | BANK OF AMERICA COMMON STOCK | C | DIVIDEND | L | T | | | | | |
| 232 | COCA COLA CO COMMON STOCK | B | DIVIDEND | L | T | PURCHASE | 6/4 | K | | |
| 233 | HOME DEPOT INC COMMON STOCK | A | DIVIDEND | M | T | PURCHASE | 3/31 | K | | |
| 234 | JOHNSON & JOHNSON COMMON STOCK | A | DIVIDEND | L | T | | | | | |
| 235 | MBNA CORP COMMON STOCK | A | DIVIDEND | | | PARTIAL SALE | 2/13 | K | C | |
| 236 | | | | | | SOLD | 2/20 | J | A | |
| 237 | MEDTRONIC COMMON STOCK | A | DIVIDEND | K | T | | | | | |
| 238 | NORTH FORK BANKCORP COMMON STOCK | A | DIVIDEND | | | SOLD | 3/12 | K | | |
| 239 | PANERA BREAD COMPANY COMMON STOCK | | NONE | | | SOLD | 2/7 | L | | |
| 240 | STATE STREET CORPORATION COMMON STOCK | A | DIVIDEND | K | T | | | | | |
| 241 | STRYKER CORP COMMON STOCK | A | DIVIDEND | L | T | | | | | |

| A. DESCRIPTION OF ASSETS | B. INCOME DURING REPORTING PERIOD | | C. GROSS VALUE AT END OF REPORTING PERIOD | | D. TRANSACTIONS DURING REPORTING PERIOD | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) AMT CODE (A-H) | (2) TYPE | (1) VALUE CODE (J-P) | (2) VALUE METHOD (Q-W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J-P) | (4) GAIN CODE (A-H) | (5) IDENTITY (IF PRIVATE) |
| 242 SYSCO CORP | A | DIVIDEND | K | T | PURCHASE | 3/27 | K | | |
| 243 UNITED TECHNOLOGIES CORP | A | DIVIDEND | L | T | PURCHASE | 6/4 | L | | |
| 244 RENTAL PROPERTY #1 - SEWICKLEY, PA ( $132,950) | C | RENT | M | S | SEE NOTE 28 IN SECTION VIII | | | | |
| 245 RENTAL PROPERTY #2 - BLUE HILL, MAINE ( $95,066) | B | RENT | L | S | SEE NOTE 28 IN SECTION VIII | | | | |
| 246 TRUST #1   ( SEE NOTE 29 IN SECTION VIII) | D | DIVIDEND | P1 | T | | | | | |
| 247 --- GOLDMAN, SACHS BROKERAGE CASH/MM A/C | | | | | | | | | |
| 248 --- ABBOTT LABORATORIES COMMON STOCK | | | | | PARTIAL SALE | 7/29 | K | E | |
| 249 --- ANHEUSER BUSCH COS INC COMMON STOCK | | | | | | | | | |
| 250 --- AUTOMATIC DATA PROCESSING | | | | | PURCHASE | 6/4 | M | | |
| 251 --- BANK OF AMERICA CORP COMMON STOCK | | | | | | | | | |
| 252 --- HOME DEPOT INC COMMON STOCK | | | | | PURCHASE | 3/31 | K | | |
| 253 --- JOHNSON & JOHNSON COMMON STOCK | | | | | | | | | |
| 254 --- KIMBERLY CLARK CORP COMMON STOCK | | | | | SOLD | 6/4 | L | E | |
| 255 --- KOHL'S CORP | | | | | PURCHASE | 6/4 | L | | |
| 256 | | | | | SOLD | 6/12 | L | | |
| 257 --- MBNA CORP COMMON STOCK | | | | | PARTIAL SALE | 2/13 | K | C | |

| A. | B. | | C. | | D. | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | INCOME DURING REPORTING PERIOD | | GROSS VALUE AT END OF REPORTING PERIOD | | TRANSACTIONS DURING REPORTING PERIOD | | | | |
| DESCRIPTION OF ASSETS | (1) AMT CODE (A - H) | (2) TYPE | (1) VALUE CODE (J - P) | (2) VALUE METHOD (Q - W) | (1) TYPE | (2) DATE | (3) VALUE CODE (J - P) | (4) GAIN CODE (A - H) | (5) IDENTITY (IF PRIVATE) |
| 258 | | | | | SOLD | 2/20 | K | B | |
| 259 --- MEDTRONIC INC COMMON STOCK | | | | | | | | | |
| 260 --- MORGAN STANLEY COMMON STOCK | | | | | SOLD | 2/13 | K | | |
| 261 --- PANERA BREAD COMPANY COMMON STOCK | | | | | SOLD | 2/7 | K | | |
| 262 --- STATE STREET CORP COMMON STOCK | | | | | | | | | |
| 263 --- SYSCO CORP | | | | | PURCHASE | 3/27 | L | | |
| 264 --- WHITE MTNS INS GROUP COMMON STOCK | | | | | | | | | |
| 265 --- PLUM CREEK TIMBER CO INC STOCK | | | | | | | | | |
| 266 TRUST #2 ( SEE NOTE 30 IN SECTION VIII) | A | INT | M | V | | | | | |
| 267 --- US LIFE INSURANCE CO UNIVERSAL LIFE POLICY | | | | | | | | | |

DISK: 2003 disclosure  FILE: 03dlscl
ADS - 5/11/2004

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS (Indicate part of Report.)

See attached.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app., § 501 et. seq., 5 U.S.C. § 7353 and Judicial Conference regulations.

Signature                                    Date   May 15, 2004

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. App., § 104.)

### FILING INSTRUCTIONS:

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the
   United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS

### NOTE 1
If the reporting ███████ had either a partial or no withdrawal from this S corporation or partnership during the reporting year, all K-1 activity (interest, dividends, capital gains, ordinary income, etc.) was netted together, and, if larger than the required income threshold, included in Column B (1) with Column B (2) noting "K-1 DISTR" (K-1 Distribution). If the K-1 activity netted to a loss, then Column B (1) was left blank and "NONE" was included in Column B (2).

If the reporting ███████ either sold or fully withdrew from this S corporation or partnership during the reporting year, the capital gain amount is included in Column D along with other transaction details. The remaining K-1 figures were netted together, and if larger than the required income threshold, included in Column B (1) with Column B (2) noting "K-1 DISTR".

Both of the above approaches were obtained from Mr. George Reynolds, Financial Disclosure Examiner.

### NOTE 2
This bond is a zero coupon bond. Therefore, there is no interest paid to the holder. However, the financial institution does report Original Issue Discount (OID) to the holder and that is the amount which is included on this report.

### NOTE 3
The reporting person entered into an agreement to sell this parcel of land on September 17, 2003. As of the end of 2003, the sale had not yet closed. The value code used in Column C (1) is based on the price stated in the contract.

### NOTE 4
All dividends/distributions were reinvested in the fund.

### NOTE 5
This money market account is attached to an investment account. All of the stocks in this account are listed separately on this report. The account is no longer reportable because it had no income during the year and there was no cash balance as of the end of the year.

### NOTE 6
This account had neither income nor activity during 2003 and it did not have any value as of the end of the reporting year. As a result, this account is not reportable. For all intents and purposes, this account was closed in 2002 but the reporting ███████ never received confirmation from the institution that the account was officially closed.

**NOTE 7**
This is an investment account with a core cash account attached. The reporting█████
invested most of the funds in individual stocks/mutual funds (all listed separately on this
report). Neither the income nor the cash balance at year-end met the threshold for
reporting. However, since there are other reportable accounts at this financial institution,
this account is deemed reportable.

**NOTE 8**
The reporting █████ (as trustee) donated shares of both Albertsons and Kimberly Clark
common stock to its Foundation. The value code recorded for the transaction is based on
the fair market value of the shares on the date of donation. The gain shown in Column D
(4) is based on the difference between the original purchase price and the market value of
the shares on the date of donation.

The Foundation subsequently sold all of its Albertsons and Kimberly Clark holdings and
recognized its gain/loss. As with investments held personally by the reporting █████ the
gain/loss on the Foundation's stock sales is calculated on a book basis not a tax basis.

**NOTE 9**
The reporting █████ invests in many non-public companies. The estimated market
values used for all such investments are based upon the █████ knowledge of the worth
of such companies, his discussions with the companies' management and company issued
reports.

**NOTE 10**
Some of the investments in non-public companies include an equity piece and a debt
piece (note receivable). The two pieces are not reported separately in Section VII
because the valuations of the companies already include both pieces.

**NOTE 11**
For those entities which issued K-1s, if the K-1 netted to a loss but there was another
source of income from the entity, the source of the other income is listed instead of
"NONE". If there was K-1 income and an additional source of income, both amounts
were summed to determine the code for B (1) and both types of income were noted in B
(2).

**NOTE 12**
The Moorings/Viking investment was sold in June, 2001. However, some monies were
held in escrow and some of the company's properties had not yet been sold. As a result,
when either escrow was released or the properties were sold, the reporting █████
continued to receive distributions. For book purposes, distributions received subsequent
to the sale date represented additional gain.

On the 2003 K-1, the aforementioned gain amounts were included as "Other Income". Since we included the amounts as gains on this report, we did not want to double count the funds. Therefore, Column B (2) is marked "None".

As of the end of 2003, all of the company's properties had been sold. Therefore, the reporting ██ no longer carries a value on its books for this company. There may be a small amount of escrow funds outstanding which might represent a distribution sometime in the future. However, the amount of such funds cannot be estimated at this time.

**NOTE 13**
In a prior year, New River/Beavertown went through a restructuring in which investors had to put up cash as collateral to secure Letters of Credit/Lines of Credit for the company. The cash is kept in an escrow account. Interest is paid to each investor based upon the amount of cash they funded in the escrow account.

Due to the declining worth of the company, the reporting ██ deemed the asset worthless as of 12/31/2003. Therefore, there is no value listed in Column C (1).

**NOTE 14**
The reporting ██ is a limited partner in this entity. Since the reporting ██ cannot "direct, influence or in any other manner affect the purchase, exchange, sale or disposition of the entity or property owned by the entity", Financial Disclosure Filing Instructions, page 35, it does not have to disclose the assets held by the partnership.

If the partnership had a capital call for an investment in a specific company, "ADDITIONAL INVESTMENT" is noted in Column D (1). The underlying investment is not listed. Further, if the partnership sold one of its investments and returned funds to the reporting family, "DISTRIBUTION" is listed in Column D (1). Neither the name of the underlying company nor the gain amount is listed.

The entity's K-1 is considered the source document for income from this investment. Please refer to Note 1 for information on how the K-1 information is included on this report.

**NOTE 15**
The reporting ██ invests in this company through a limited partnership. Since the reporting ██ cannot "direct, influence or in any other manner affect the purchase, exchange, sale or disposition of the entity or property owned by the entity", Financial Disclosure Filing Instructions, page 35, it is not required to list the individual investments of the partnership. Therefore, although this company was included on prior reports, it is no longer deemed reportable.

**NOTE 16**
This company was sold in February, 2000. In May, 2003, the reporting ▇▇▇ received additional sale proceeds that had been held in escrow. All funds received represented additional gain.

**NOTE 17**
There are several Vestar and Sentinel Partnerships. The companies they own are all listed separately on this report because the filer's ▇▇▇ "can direct, influence or in any other manner affect the purchase, exchange, sale or disposition of the entity or property owned by the entity," Financial Disclosure Filing Instructions, page 35.

Each year, the reporting ▇▇▇ receives a K-1 from each of the partnerships. The K-1s summarize all of the ordinary income (loss), portfolio income, capital gains/losses, etc., for all of the underlying companies. To avoid double counting, if an underlying company was sold, the capital gain/loss was included on the line where the actual company is listed and was excluded from the K-1 income reported in Column B (1) for each of the partnerships.

The remaining K-1 items were netted together and if larger than the required income threshold, included in Column B (1) with Column B (2) noting "K-1 DISTR". If the K-1 activity netted to a loss, then "NONE" is included in Column B (2). As a result, since all K-1 activity is accounted for at the partnership level, the underlying companies which are listed separately do not show any income in Column B (1) (unless there is an item that is not included in the K-1).

The reportability of the partnerships fluctuates from year to year. Often times, the partnerships themselves have no year-end value because the underlying companies are listed separately on this report. Also, from year to year, the K-1s net to a figure either above or below the income threshold. As a result, each year, the partnerships either meet the reporting thresholds or they do not.

**NOTE 18**
Vestar Capital Partners (I) issued its final K-1 in 1999. Therefore, the partnership had no income during the reporting year. However, the reporting ▇▇▇ did have a value for this investment on its books at year-end. Therefore, the partnership is deemed reportable.

**NOTE 19**
The reporting ▇▇▇ has a general partner interest and a limited partner interest in this Partnership. All general partners were subject to a "give-back payment" to the limited partners. According to PriceWaterhouseCoopers, the general partners account for the give-back payment as an additional investment and the limited partners account for the additional income as gain.

**NOTE 20**
In 2001, the reporting ██████ received no income from this investment and the asset was written off as worthless.  As a result, in 2002, the investment was not reportable.  In 2003, however, the company was liquidated and the reporting ██████ received a final distribution.

**NOTE 21**
The reporting ██████ has a note receivable from this company.  The interest is calculated quarterly and then added to the value of the note (paid-in-kind interest).  On May 22nd, the entity made a partial payment against this note.

On June 2nd, the reporting ██████ received full repayment of a note (principal plus accrued interest) from the CEO of the entity.  The interest income noted in Column B relates to this note.

**NOTE 22**
This company issued its final K-1 in 2002.  However, the reporting ██████ continued to have a value on its books reflecting this investment at year-end.  Therefore, this asset is deemed reportable.

**NOTE 23**
Although this is a partial redemption, the gain code is listed because the reporting ██████ requested a complete withdrawal from the fund.  The fund, however, cannot distribute 100% of the balance due until its audit is completed in the year following the redemption request.  Therefore, the fund withholds a small percentage of the amount due.

**NOTE 24**
The reporting ██████, as sole shareholder of this S corporation, funded the company to cover expenses.  On past reports, such fundings were not included as reportable transactions.  According to Dotty Abell, Financial Disclosure Examiner, however, such amounts should be included as reportable transactions if they meet the value threshold.  As a result, all such amounts are included on this report.  Per George Reynolds, Financial Disclosure Examiner, there is no need to amend prior reports.

The corporation was dissolved at the end of 2003.  The remaining assets included a small balance in a checking account and a small interest in a horse partnership (which is listed separately on this report).  Both assets were distributed to the reporting ██████ as of December 31, 2003.  The transaction value used for the distribution of the partnership interest was the cost basis obtained from PriceWaterhouseCoopers.

**NOTE 25**

The reporting ███ as sole shareholder of this S corporation, funded the company in order to cover expenses. On past reports, such fundings were not included as reportable transactions. According to Dotty Abell, Financial Disclosure Examiner, however, such amounts should be included as reportable transactions if they meet the value threshold. As a result, any such amounts are included on this report. Per George Reynolds, Financial Disclosure Examiner, there is no need to amend prior reports.

The value used to determine the year-end valuation code was the equity figure from the 2003 tax return (prepared by PriceWaterhouseCoopers) net of the value of its sole private equity investment (which is listed separately on this report). Except for the private equity investment, the company's assets are limited to office furniture, office equipment and a checking account.

**NOTE 26**

This company filed its final K-1 prior to 2002. However, the reporting ███ continued to receive liquidation distributions through 2002 and was required to report that activity on the 2002 Disclosure Report. In 2003, however, the reporting ███ received no distributions from the company. As a result, this asset is no longer reportable.

**NOTE 27**

A ███████ of the reporting person's ███ owns 1.148% of this non-public company. The reporting person and her spouse own 78.668% of this company. The ███ year-end market value for this investment was determined as follows: The ███ equity % was divided by the parents' equity % and the resultant was multiplied by the parents' year-end equity value.

**NOTE 28**

The reporting person's ███ received a 1/6 interest in his ███ two residences in a prior year due to the dissolution of a Qualified Personal Residence Trust and the distribution of the remainder interest to him and his five ███ (as joint tenants in common).

Since the ███ continues to occupy the homes and there is no intent to sell the properties, no outside appraisals have been done. As a result, the assessed value is used for determining the value of the properties. The value shown in Column A is the reporting family's interest or 1/6 of the total assessed value.

The ███ pays monthly rent which is used to pay the taxes and other related expenses. Any remaining monies are distributed to the siblings. Per Peter Laugesen, Federal Disclosure Office, the cash distributions should be included on this report as rent (not the amount claimed as rental income on the reporting family's income tax return).

## NOTE 29
The reporting person's ███████ is the trustee of his non-dependent ███████ trust which holds her investment assets. The trust was established in 2002. According to both Peter Laugesen, Federal Disclosure Office, and Ralph Watkins, Deputy Counsel, since the reporting person's ███████ controls the purchases/sales in the trust, its assets are deemed reportable.

## NOTE 30
The reporting person's ███████ established an irrevocable life insurance trust for the benefit of his three ███████ The only asset in the trust is a universal life insurance policy. A schedule prepared by U.S. Life Insurance Company was used to determine the interest and the end of the year accumulated value. There was no cash value at the end of the year.

## NOTE 31
This company's 2003 K-1 was not received by the May 15, 2004 Disclosure Report filing date. Therefore, the filer, her ███████ or the company's management has estimated the company's income. Once the actual K-1 is received, the reporting ███████ will file an amended return if the income code based on the actual K-1 is different than the code reported in this report. This approach was deemed appropriate by Mr. John Staley, Disclosure Report Office.

## NOTE 32
This company is invested in through either a Sentinel or a Vestar partnership (See Lines 141-145 and 180-183 in Section VII). Since the reporting person's ███████ can "direct, influence or in any other manner affect the purchase, exchange, sale or disposition of the entity or property owned by the entity", Financial Disclosure Filing Instructions, page 35, the partnership's assets must be listed separately on this report. As a result, this company is reportable. All transactions (investments, sales, etc.) are reported for the company. Any K-1 income (excluding gain/(loss)) attributable to the company, however, is included in Column B (1) of the partnership's line. See Note 17 for more information.

## NOTE 33
This account was inadvertently left off of prior years' reports. This account is used to cover debit card transactions. Neither the income level nor the year-end balance meets the reporting thresholds. However, there are other reportable accounts at this financial institution. Therefore, this account is deemed reportable.

## NOTE 34
This is a non-interest bearing checking account and it is the only account at this financial institution. Therefore, although this account was included on prior reports, this account is no longer deemed reportable.

**NOTE 35**
The year-end value of this investment is assumed to be the same as the cost of the investment since the investment was made on December 29 (just two days before the end of the reporting year).

**NOTE 36**
This investment's cost basis was used to determine its year-end value code for Column C. The information was obtained from PriceWaterhouseCoopers.

**NOTE 37**
This asset had no value on the reporting ████s books. However, the 2003 K-1 had income. So, even though the company's value remained at zero, the asset is deemed reportable because the income was over the threshold level.